*1167 OPINION.
Littleton:
It is contended that the capital in nse in petitioner’s business was not a material income-producing factor in respect of sales on consignment, but was a material income-producing factor only in respect of sales on its own account; that capital was not essential.or necessary in respect of the consignment business transacted, but was necessary only in respect of the business in which it traded as a principal. The facts herein disclose that the petitioner, in addition to its invested capital, used money borrowed from the bank in 1918 and 1919 in the amounts, respectively, of $450,500 and $579,500 to pay the drafts attached to the bills of lading for poultry consigned to it. The loans upon notes are not in question, but it is contended that no part of this money was retained, kept or used in the business, and ivas not borrowed for use in its business, but that it was a loan to the shipper upon the security of the bill of lading entrusted to the petitioner for the sale of the poultry whereupon the loan was immediately taken up. It is obvious from the facts disclosed that the bill of lading could not be delivered to the petitioner until the draft attached to it was paid, and for this purpose the petitioner used borrowed capital, at least until the poultry could be unloaded, sold, and the money repaid, which usually covered a period of ten to fifteen days.
With these facts before us we are constrained to hold that capital was a material income-producing factor and petitioner is not entitled to classification as a personal service corporation. Appeals of Cliver-Wright-Rainey Co., 2 B. T. A. 561, and John Dais Co., 2 B. T. A. 1167; Hubbard-Ragsdale Co. v. Dean, 15 Fed. (2d) 410.

Judgment for the Commissioner,